## No. 11,217.

WHITE CASTLE LUMBER AND SHINGLE COMPANY VS. ALFRED BROWNE, ASSESSOR, AND CHAS. A. BRUSLÉ, SHERIFF.

Shingles, laths, matched ceiling, dressed flooring, sidings, palings dressed and headed, fencing laths, mouldings, car sidings cut to lengths, dressed finished mouldings, casing moulding base boards, are articles of wood, ready for immediate, convenient and general use, and exempt from taxation under Article 207 of the Constitution.

APPEAL from the Fourteenth District Court, Parish of Iberville. Talbot, J.

Samuel Matthews for Plaintiff and Appellant.

Alex. Hébert, District Attorney, for Defendants and Appellees.

The opinion of the court was delivered by

McENERY, J. The object of this suit is to annul the assessments made of property owned by plaintiffs, employed in the manufacture of articles of wood, exempted from taxation by Article 207 of the Constitution, and assessed for the years 1889, 1890, 1891.

There was judgment for defendant dissolving the injunction to restrain the sale of said property and plaintiff appealed.

The plaintiff company manufactures shingles, dressed and matched ceiling, floorings, sidings, palings dressed and headed, plastering laths, fence laths, mouldings, car sidings, dressed finished moulding, casing moulding, base boards and railroad ties and lumber.

All the articles of wood mentioned here, except "lumber," come within the rulings of Jones vs. Raines, 35 An. 998; Martin vs. City of New Orleans, 38 An. 397; and Cypress Lumber and Shingle Company vs. Sheriff, just decided.

The lumber manufactured by plaintiff is not exempt. LeBlanc vs. City of New Orleans, 34 An. 596; Carre vs. City of New Orleans, 41 An. 996.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to reverse that part of the judgment which dissolves and sets aside the injunction issued to restrain the sale of plaintiff's property employed for the years in which it was assessed in the manufacture of articles of wood, stated in this opinion to be exempt from taxation under Article 207 of the Constitution, and as to them it be perpetuated. In other respects the judgment is affirmed, the case being remanded to the lower court to ascertain the amount of capital, the value of the machinery and the property employed in the manufacture of articles of wood for the years in which it was assessed and exempt from taxation under said Article 207, defendants and appellees to pay costs of appeal.